UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GEORGE CLAYTON HERRING,

                        Petitioner,                    DECISION AND ORDER

vs.                                                    19-CV-6111 (CJS)

TIMOTHY McCARTHY, *Superintendent of
Auburn Correctional Facility*,

                        Respondent.

_____

      In February 2019, Petitioner George Clayton Herring filed a petition under 28 U.S.C. § 2254 for habeas relief from his 2007 conviction for attempted aggravated murder, attempted aggravated assault upon a police officer or peace officer, two counts of criminal possession of a weapon, and criminal possession of stolen property. Pet., Feb. 8, 2019, ECF No. 1. The matter is presently before the Court on Herring's motion to stay the proceedings so that he can exhaust his post-conviction remedies in state court. Mot. to Stay, May 19, 2022, ECF No. 18. Respondent maintains the motion should be denied because, among other things, (1) Petitioner is mistaken as to the effect that recent changes in state law have on his claims, (2) his petition is time-barred and meritless, and (3) his motion to stay fails to demonstrate good cause for not exhausting his claims in previous proceedings. Resp. in Opp., 1, June 17, 2022, ECF No. 21.

      Because Herring has filed his motion *pro se*, his papers have been "construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and

citation omitted). Nevertheless, after a thorough review of the record and the parties' papers, the Court finds that Herring has not demonstrated sufficient grounds for a stay.

## LEGAL PRINCIPLES

Before a federal district court may grant habeas relief to a state prisoner under 28 U.S.C. § 2254, the petitioner must demonstrate that he "has exhausted the remedies available in the courts of the State" for each of the grounds raised in his petition, or he must show the absence or ineffectiveness of a state process to protect his rights. 28 U.S.C. § 2254(b)(1). "State remedies are deemed exhausted when a petitioner has: (i) presented the federal constitutional claim asserted in the petition to the highest state court . . . and (ii) informed that court . . . about both the factual and legal bases for the federal claim." *Ramirez v. Attorney Gen. of the State of N.Y.*, 280 F.3d 87, 94 (2d Cir. 2001) (citations omitted). Where a single habeas petition presents some claims that have been exhausted in the state courts and some that have not, it is considered a "mixed petition." *Rhines v. Weber*, 544 U.S. 269, 271 (2005); *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001), *as amended* (June 26, 2001), *as amended* (Aug. 17, 2001).

A district court may not adjudicate a mixed petition, except to deny the entire petition on the merits. 28 U.S.C. § 2254(b)(2). Additionally, the district court "may, under certain circumstances, dismiss the unexhausted claims without prejudice and stay the petition, in order to allow the petitioner an opportunity to exhaust the unexhausted claims in state court." *Cole v. Noeth*, No. 21-CV-6300 CJS, 2021 WL 4973078, at *2 (W.D.N.Y. Oct. 26, 2021). However, the court may only stay the petition and hold it in abeyance if it "determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id*. at 277. In making this determination, the court should also consider

whether the unexhausted claims are potentially meritorious, and whether the petitioner engaged in "intentionally dilatory litigation tactics." *Id*. at 278.

## APPLICATION

Herring applies for habeas relief on four grounds. He alleges "judiciary misconduct" related to the admission of insufficient evidence from the firearms expert (Pet. at 5); "prosecutor misconduct" for withholding vital evidence (Pet. at 7); ineffective assistance of trial counsel for failure to "investigate the case laws and facts," write a winning motion, call helpful or expert witnesses, or cross-examine all witnesses (Pet. at 7–8); and ineffective assistance of appellate counsel for failure to make adequate arguments on appeal (Pet. at 9). In the motion presently before the Court, Herring seeks a stay and abeyance of his habeas proceedings so that he can "exhaust the State's Post-Conviction process" following amendments in 2021 to N.Y. Crim. Pro. L. § 440.10. Mot. to Stay at 1. However, the Court agrees with Respondent that Herring misunderstands the relevance of the § 440.10 amendments to the present habeas proceedings.

To be sure, N.Y. Crim. P. L. § 440.10 was amended in 2021 to exclude ineffective assistance of counsel claims from those categories of claims the state court is required to deny.[1] *See, e.g.,* N.Y. Crim. P. § 440.10(2)(b) ("the court must deny a motion to vacate

---

[1] Notably, the amendments to § 440.10 *would have been* relevant to two earlier § 440.10 motions that Herring filed. In 2009, Herring filed a motion in the state trial court pursuant to § 440.10, arguing that his sentence must be vacated because "both of the attorneys defending this case rendered ineffective assistance . . . for their failure to move to dismiss the indictment under CPL § 210.20 . . . ." Pet. (Ex. 1), 9, Feb. 8, 2019, ECF No. 1-2. The state trial court denied Herring's motion on the basis of § 440.10(2)(b), which at the time provided that the court must deny the motion where sufficient facts were on the record to permit adequate review of the issue on direct appeal of the conviction. Pet. (Ex. 1) at 37. In 2017, Herring filed another motion to vacate under § 440.10, this time arguing that "his trial attorneys failed to sufficiently investigate the work of the Monroe County Laboratory with respect to the gun used as evidence in his trial and . . . failed to properly object" to the grand jury proceedings. Pet. at 21–22. The state trial court again denied Herring's motion, but on the basis of § 440.10(2)(c), which provided that the court must deny the motion where the defendant had failed to raise the issue upon direct appeal. Pet. at 22–23.

a judgment when . . . sufficient facts appear upon the record with respect to the ground or issue raised . . . to permit adequate review thereof upon such an appeal *unless the issue raised upon such motion is ineffective assistance of counsel.*") (emphasis added). Nevertheless, as Respondent rightly notes, the issues that Herring now proposes to pursue in a new § 440.10 motion are distinct from the ineffective assistance grounds stated in Herring's habeas petition. Whereas the ineffective assistance claims in Herring's habeas petition focus on counsel's conduct during trial, the claims he seeks permission to pursue in a new § 440.10 motion involve his trial counsel's failure to conduct proper pretrial discovery, inform him of Grand Jury proceedings, and obtain 911 records. Mot. to Stay at 2.

In other words, the recent amendments to § 440.10 did not invite federal habeas petitioners to seek a stay of their proceedings in order to pursue new and untested claims, and Herring has failed to demonstrate a relation between the claims he raises in his habeas petition and the claims he seeks to pursue via a new § 440.10 motion. Moreover, Herring fails to provide evidence that would show the Court that the issues he seeks to raise in a new § 440.10 motion are meritorious.

Accordingly, it is hereby ORDERED that Petitioner George Clayton Herring's motion to stay [ECF No. 18] is denied.

IT IS SO ORDERED.

DATED:   October 13, 2022
         Rochester, New York

CHARLES J. SIRAGUSA
United States District Judge